AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
### for the
### District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Aug 18, 2022
Pam Hartman Beyer, Clerk of Court

| In the Matter of the Search of | | |
|---|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) | Case No.  Mag. No. 22-01409 WRP |
| In The Matter Of The Search Of Seven Electronic Devices Located At 595 Ala Moana Blvd. Honolulu, Hi 96813 | ) ) ) ) ) | |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, hereby incorporated by reference.

located in the _____ District of _____ Hawaii _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, hereby incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2261A(2)(B) | Cyberstalking |

The application is based on these facts:

See attached Affidavit, hereby incorporated by reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Sworn to under oath before me telephonically and attestation acknowledged pursuant to FRCP 4.1(b)(2).

_____
*Applicant's signature*

Kyle E. Carney, Special Agent
*Printed name and title*

(808) 726-5411 _____  *(specify reliable electronic means).*

Date:  8/18/2022

City and state:  Honolulu, Hawaii

_____
Wes Reber Porter
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Aug 18, 2022
Pam Hartman Beyer, Clerk of Court

IN THE MATTER OF THE SEARCH
OF SEVEN ELECTRONIC DEVICES
LOCATED AT 595 ALA MOANA
BLVD. HONOLULU, HI 96813

MAG. NO. 22-01409 WRP

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR
A WARRANT TO SEARCH AND SEIZE**

I, Kyle E. Carney, being first duly sworn, hereby depose and state as
follows:

**INTRODUCTION AND AGENT BACKGROUND**

1)      I make this affidavit in support of an application under Rule 41 of the
Federal Rules of Criminal Procedure for a search warrant authorizing the
examination of property —seven (7) electronic devices and their SIM cards, as
described in Attachment A— which are currently in the possession of law
enforcement, and the extraction from that property of electronically stored
information, as described in Attachment B.

2)      I have been employed as Special Agent by the U.S. Department of
Homeland Security, Homeland Security Investigations ("HSI"), since April
2021.  I am currently assigned to the Public Safety Group in Honolulu,
HI.  While employed by HSI, I have investigated violations of federal criminal

laws related to organized crime, sex and labor trafficking, and money laundering. From September 2016 to April 2021, I was employed by the U.S. Army Criminal Investigation Division Command ("USACIDC") where I investigated violations of federal criminal and civil laws related to bribery, corruption and contract fraud against the U.S. Army. Prior to USACIDC, I was employed by the U.S. Securities & Exchange Commission as a Securities Compliance Examiner where I examined and investigated violations of federal civil laws involving fraud in the U.S. financial markets.

3)     I have gained experience through both specialized training at the Federal Law Enforcement Training Center, U.S. Army Military Police School and my everyday duties related to conducting these types of investigations. This specialized training has included search and seizure procedures. I have previously sworn search warrant affidavits and executed search warrants for premises, persons, email accounts and electronic devices, to include cellular telephones where probable cause was established for alleged violations of illegal narcotics-related offenses.

4)     As an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, I am empowered by law to conduct investigations and to make arrests for offenses enumerated in

Section 2516 of Title 18, to include Sections 8, 18, 19, and 21 of the United States Code.

5)      The facts in this Affidavit come from my training, experience, and the information I have obtained from other state and federal law enforcement officers, agents, and witnesses.  Based on my training and experience and the facts as set forth in this Affidavit, I submit there is probable cause to believe that the information sought by this warrant will contain evidence relating to violations of 18 U.S.C. § 2261A(2)(B) (cyberstalking) and 21 U.S.C. § 844 (Simple Possession).  Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause to support the requested warrant.

## <u>IDENTIFICATION OF THE DEVICES TO BE EXAMINED</u>

The property to be searched is: one black Samsung device ("DEVICE 1"); one gray Samsung device with crack on back ("DEVICE 2"); one HP Chromebook ("DEVICE 3"); one TCL cellular telephone ("DEVICE 4"); one Samsung Galaxy S8 cellular telephone ("DEVICE 5"); one Galaxy J3 cellular telephone ("DEVICE 6"); one blue LG cellular telephone ("DEVICE 7"); and the SIM cards contained therein (collectively referred to as the "DEVICES").  The

DEVICES are currently securely stored at 595 Ala Moana Blvd., Honolulu, Hawaii 96813 ("HSI Honolulu").

6)    The applied-for warrant would authorize the forensic examination of the DEVICES for the purpose of identifying electronically stored data, particularly as described in Attachment B.

7)    In my training and experience, I know that the DEVICES have been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the DEVICES were first possessed by law enforcement.

## PROBABLE CAUSE

8)    The United States, including HSI, is conducting a criminal investigation into Shawn KHOUNDARA ("KHOUNDARA"), regarding the violations of Title 18, United States Code, Section 2261A(2)(B), Cyberstalking, and 21 U.S.C. § 844, Simple Possession.

9)    This is the fifth warrant that the government seeks for this investigation.

10)   On July 20, 2022, the Honorable Rom A. Trader, United States Magistrate Judge for the District of Hawaii, issued a Federal Arrest Warrant for KHOUNDARA under Mag. No. 22-01252 RT (the "Arrest Warrant").

11)    *See,* Attachment C, the AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT under Mag. No. 22- 01252 RT, which is incorporated as if fully set forth, herein.

12)    On July 20, 2022, HSI Honolulu arrested KHOUNDARA pursuant to the Arrest Warrant.  HSI Honolulu seized two mobile devices, DEVICE 1 and DEVICE 2, which were found in KHOUNDARA's possession at the time of his arrest.

13)    On July 29, 2022, the Honorable Rom A. Trader, United States Magistrate Judge for the District of Hawaii, issued a Federal Search Warrant for DEVICE 1 and DEVICE 2, including the SIM Cards contained therewithin, under Mag. No. 22-01276 RT (relating to the cyberstalking investigation only).

14)    *See,* Attachment D, the AFFIDAVIT IN SUPPORT OF THE SEARCH OF TWO MOBILE DEVICES under Mag. No. 22-01276 RT, which is incorporated as if fully set forth, herein.

15)    Also on July 29, 2022, the Honorable Rom A. Trader, United States Magistrate Judge for the District of Hawaii, issued a Federal Search Warrant for a white Ford van, to include certain evidence, such as electronic devices, found therewithin, under Mag. No. 22-01306 RT (the "Vehicle Search Warrant") (relating to the cyberstalking investigation only).

16)    *See,* Attachment E, the AFFIDAVIT IN SUPPORT OF THE SEARCH OF ONE WHITE FORD VAN under Mag. No. 22-01306 RT, which is incorporated as if fully set forth, herein.

17)    HSI Honolulu executed the Vehicle Search Warrant on July 29, 2022, looking for evidence of cyberstalking only and acting within the bounds of the Vehicle Search Warrant.  During the search, HSI identified and seized property seen in plain view during the search, including, but not limited to, the following:

    a.) 0.24 grams of a white powder substance in a plastic bag;

    b.) three glass pipes with residue;

    c.) five (5) plastic bags with residue;

    d.) DEVICE 3;

    e.) DEVICE 4;

    f.) DEVICE 5;

    g.) DEVICE 6; and,

    h.) DEVICE 7.

18)    HSI Honolulu performed a field test of a sample from the 0.24 grams of a white powder substance in a plastic bag which was seized pursuant to the

Vehicle Search Warrant.  The field test resulted in a positive test result for methamphetamine.[1]

19)    On August 9, 2022, the Honorable Wes Reber Porter, United States Magistrate Judge for the District of Hawaii, issued a Federal Search Warrant for a Reddit Account, under Mag. No. 22-1346 RT (the "Reddit Search Warrant").

20)    Also on August 9, 2022, the Honorable Wes Reber Porter, United States Magistrate Judge for the District of Hawaii, issued a Federal Search Warrant for an Instagram Account, under Mag. No. 22-1347 RT (the "Instagram Search Warrant").

21)    In the interest of brevity, the Reddit Search Warrant and the Instagram Search Warrant are not incorporated in this Affidavit.

22)    On or about August 1, 2022, an HSI Special Agent with specialized training and experience in conducting forensic examinations of cellular telephones, and while acting within the bounds of the warrant relating to cyberstalking, extracted a forensic image from DEVICE 1 and DEVICE 2.

---

[1] HSI was unable to field test the glass pipes or plastic bags for narcotics due to the small quantity of residue contained therein.  HSI is preparing to send the aforementioned evidence to a forensic lab for testing.

23)     From August 9, 2022, to August 10, 2022, I utilized commercially-available computer software to review a forensic extraction of DEVICE 1, pursuant to Federal Search and Seizure Warrant Magistrate Number 21-01276 RT.

24)     During the aforementioned review, while looking only for evidence of cyberstalking and while acting within the bounds of the warrant, I identified in plain view the following communications between DEVICE 1 and an unidentified person UNKNOWN PERSON at telephone number (806) 302-XXXX.  This does not include every word exchanged:

   a)     <u>Communications on February 15, 2022:</u>

      i.     DEVICE 1: Wjos this..? (02/15/2022 3:24:06 AM (UTC+0))

      ii.     DEVICE 1: Whee r u..? (02/15/2022 3:24:26 AM (UTC+0))

      iii.     UNKNOWN PERSON: This Unknown Person (02/15/2022 3:25:06 AM (UTC+0))

      iv.     UNKNOWN PERSON: I'm at home on Piikoi (02/15/2022 3:25:22 AM (UTC+0))

      v.     DEVICE 1: Ok can ? (02/15/2022 3:25:34 AM (UTC+0))

      vi.     DEVICE 1: 20? (02/15/2022 3:25:40 AM (UTC+0))

      vii.     UNKNOWN PERSON: Yeah how much? (02/15/2022 3:26:00 AM (UTC+0))

      viii.     UNKNOWN PERSON: Ok do you have a ride ? (02/15/2022 3:26:20 AM (UTC+0))

      ix.     DEVICE 1: 20? (02/15/2022 3:26:22 AM (UTC+0))

x.   DEVICE 1: Yea (02/15/2022 3:26:30 AM (UTC+0))

xi.   DEVICE 1: Omw (02/15/2022 3:26:33 AM (UTC+0))

b)   Communications on February 17, 2022:

i.   UNKNOWN PERSON: How much u need ? (02/17/2022 1:10:50 AM (UTC+0))

ii.   UNKNOWN PERSON: I'm by Doe park (02/17/2022 1:10:55 AM (UTC+0))

iii.   UNKNOWN PERSON: You have an extra pipe? (02/17/2022 1:10:55 AM (UTC+0))

25)   Based on my training and experience, and consultation with other federal agents with extensive experience and expertise enforcing drug trafficking laws, I believe the aforementioned communications are related to illegal narcotics, such as the methamphetamine seized from the white ford van that KHOUNDARA was observed driving immediately prior to his arrest.

26)   Out of an abundance of caution, I ceased my review of DEVICE 1 after I observed the aforementioned communications in plain view. I did this to be certain that my forensic examination complied with the Fourth Amendment and other applicable laws.

27)   While Federal Agents may already have all necessary authority to continue reviewing the DEVICES, I seek this additional warrant out of an

abundance of caution to be certain that the forensic examination complies with the Fourth Amendment and other applicable laws.  The proposed warrant would allow federal agents to expand the search of the DEVICES to include evidence, fruits, and instrumentalities relating to violations of 18 U.S.C. § 2261A(2)(B) (cyberstalking) and 21 U.S.C. § 844 (Simple Possession).

## TECHNICAL TERMS

28) Based on my training and experience, I use the following technical terms to convey the following meanings:

a.) Wireless telephone:  A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals.  These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones.  A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone.  In addition to enabling voice communications, wireless telephones offer a broad range of capabilities.  These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and

storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b.) Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c.) Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some

portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d.) GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a

computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e.) PDA:  A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs.  Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail.  PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data.  Removable storage media include various types of flash memory cards or miniature hard drives.  This removable storage media can store any digital data.  Most PDAs run computer software, giving them many of the same capabilities as personal computers.  For example, PDA users can work with word-processing documents, spreadsheets, and presentations.  PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

f.) IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet.  An

IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

g.) Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

29)    Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensic tools.

30)     Based on my training, experience, and research, I know that the DEVICES have capabilities that allow it to serve as a wireless telephone, digital camera, portable media and storage device, GPS navigation device, and PDA.  In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

31)     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time.  Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device.  This information can sometimes be recovered with forensic tools.

32)     *Forensic evidence.*  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the DEVICES were used, the purpose of its use, who used it, and when.  There is probable cause to believe that this forensic electronic evidence might be on the DEVICES because:

a.) Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b.) Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c.) A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d.) The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information

necessary to understand other evidence also falls within the scope of the warrant.

e.) Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

33) *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the DEVICES consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

34) *Manner of execution.* Because this warrant seeks only permission to examine the DEVICES already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## **CONCLUSION**

35)     I submit that this affidavit supports probable cause for a search warrant

authorizing the examination of the DEVICES described in Attachment A to seek

the items described in Attachment B.

Respectfully submitted,

Kyle E. Carney
Special Agent
Homeland Security Investigations


Sworn to under oath before me telephonically and attestation
acknowledged pursuant to FRCP 4.1(b)(2) on August 18 , 2022:



Wes Reber Porter
United States Magistrate Judge

**ATTACHMENT A**

The property to be searched is: is: one black Samsung device ("DEVICE 1"); one gray Samsung device with crack on back ("DEVICE 2"); one HP Chromebook ("DEVICE 3"); one TCL cellular telephone ("DEVICE 4"); one Samsung Galaxy S8 cellular telephone ("DEVICE 5"); one Galaxy J3 cellular telephone ("DEVICE 6"); one blue LG cellular telephone ("DEVICE 7"); (collectively referred to as "the DEVICES"); including the SIM Cards contained therewithin.

DEVICE 1 and DEVICE 2 were recovered from **Shawn KHOUNDARA** on or about July 20, 2022.  DEVICE 3, DEVICE 4, DEVICE 5, DEVICE 6, and DEVICE 7, were recovered from one white ford van on or about July 29, 2022, pursuant to a prior, court-authorized search warrant. The DEVICES are securely stored at 595 Ala Moana Blvd., Honolulu, Hawaii 96813.

This warrant authorizes the forensic examination of the DEVICES for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT B**

36)    All records on the DEVICES and the SIM Cards described in Attachment A that relate to violations of Title 18 U.S.C. § 2261A(2)(B) (cyberstalking) and 21 U.S.C. § 844 (Simple Possession) (the "Subject Offenses") that involve **Shawn KHOUNDARA,** including but not limited to:

   a.   Evidence of the existence of software, applications, communications or postings associated with Instagram, Reddit and Tumblr.

   b.   Any and all information, communications, text messages, contacts, or call log information associated with the commission of the Subject Offenses.

   c.   Any and all information regarding the phone number(s) associated with the Devices and any software capable of making phone calls.

   d.   Images or visual depictions of women, including but not limited to screenshots from Instagram, Reddit and Tumblr.

   e.   Any and all information, notes, software, documents, records, or correspondence, in any format and medium, pertaining to violations of the Subject Offenses;

f.  Any and all information, notes, documents, records, or correspondence, in any format or medium, pertaining to sexual activity;

g.  Any and all address books, names, and lists of names and addresses of individuals who may have been contacted by use of the Device(s) or by other means for the purpose of committing violations of the Subject Offenses;

h.  Any and all information, records, documents, invoices and materials, in any format or medium, that concern any accounts with an Internet Service Provider pertaining to violations of the Subject Offenses;

i.  Any and all information, records, documents, invoices and materials, in any format or medium, that concern e-mail accounts, online storage, or other remote computer storage pertaining to violations of the Subject Offenses;

j.  Records of Internet activity, including Internet Protocol addresses, firewall logs, transactions with Internet hosting providers, co-located computer systems, cloud computing services, caches, browser history and cookies, "bookmarked" or "favorite" web

2

pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses pertaining to violations of the Subject Offenses or that show who used, owned, possessed, or controlled the Device(s);

k.   Any and all information, documents, records, photos, videos, or correspondence, in any format or medium, pertaining to use or ownership of the Devices, or that aid in the identification of persons involved in violations of the Subject Offenses;

l.   Credit card information, bills, and payment records pertaining to violations of the Subject Offenses;

m.   Descriptions of time, date, locations, items, or events showing or tending to show the commission of, or connecting or tending to connect a person to violations of the Subject Offenses;

n.   Evidence of who used, owned, or controlled the Devices to commit or facilitate the commission of the crimes described, or at the time the things described in this warrant were created, edited, or deleted, including photographs, videos, logs, call logs, phonebooks, address books, contacts, IP addresses, registry entries, configuration files,

3

saved usernames and passwords, documents, calendars, browsing history, search terms, metadata, user profiles, e-mail, e-mail contacts, messages (text or voice), instant messaging logs, file structure and correspondence;

o.  Evidence of software that may allow others to control the Devices, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security provisions or software designed to detect malicious software or unauthorized use of the device, and evidence of the lack of such malicious software;

p.  Evidence of the attachment to the Devices of other storage devices or similar containers for electronic evidence;

q.  Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Devices;

r.  Evidence of how and when the Devices were used or accessed to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

4

s.  The telephone number, ESN number, serial number, and/or SIM card numbers of or contained in the Devices;

t.  Passwords, encryption keys, and other access devices that may be necessary to access the Device(s); and

u.  Contextual information necessary to understand the evidence described in this attachment.

v.  the sale, purchase or negotiation of the sale or purchase of controlled substances;

w.  types, amounts, and prices of controlled substances;

x.  the identity of sources of supply, distributors, and customers;

y.  any information relating to **KHOUNDARA's** location at or approximately near the time of any specific drug transactions;

z.  financial records relating to the sale, transfer or purchase of controlled substances;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been

5

created or stored, including any form of computer or electronic storage (such as

flash memory or other media that can store data) and any photographic form.